**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2019*
Decided December 19, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2152

| | |
|---|---|
| CHRISTOPHER E. WASHINGTON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:19-CV-97-HAB |
| ANDREW M. SAUL, Commissioner of Social Security, *Defendant-Appellee*. | Holly A. Brady, *Judge*. |

**O R D E R**

Christopher Washington alleges that the Social Security Administration wrongly decided to recover overpayments of social security disability benefits made to him in prison. The district court entered judgment for the Administration. It correctly ruled that Washington failed to exhaust administrative review of that decision, so we affirm.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Washington received three social security disability payments while he was incarcerated in 2016, totaling over $3,000. When the Administration notified Washington that it considered this an overpayment, it told him that he could request reconsideration of its decision, or seek a full waiver of its plan to collect repayment. The Administration can waive collection of an overpayment for "any person who is without fault" if recovery of the overpayment "would defeat the purpose" of the Act "or would be against equity and good conscience." 42 U.S.C. § 404(b)(1).

Washington sought a waiver. After first asking the Administration to withhold a small part of his monthly payments until he repaid his debt, he requested a full waiver. He argued that he was not at fault because he thought that the Administration would not pay him while he was in prison; also, he said that he could not afford to return the overpayment. The Administration denied Washington's waiver request. It invited him to seek review of the waiver decision at a personal conference. Washington says that he later participated in that conference by phone, but the waiver denial did not change. According to an unrebutted affidavit from the Administration, nothing in its records suggests that "Washington … otherwise pursued an appeal after the waiver denial." Following that denial, the Administration prepared to collect his overpayment balance. Washington asked the Administration instead to withhold $100 each month from his payments beginning in December 2017, until he paid off the overpayment balance. The Administration granted that request.

A year later Washington filed an internal complaint with the Administration, accusing it of discriminating against him by collecting the overpayment. The Administration denied the complaint because Washington did not allege discrimination based on membership in a protected class or retaliation against a protected act.

Washington then filed this suit, invoking Title II of the Social Security Act and state law to challenge the denial of his waiver request and to obtain damages for the allegedly discriminatory collection of the overpayment. The Administration moved to dismiss the complaint under Rule 12(b)(1) and 12(b)(6) and in the alternative sought summary judgment for failure to exhaust administrative remedies. Washington filed a response, a proposed amended complaint, and a motion for sanctions that accused the Administration of lying when it asserted that he had failed to exhaust. In these filings he argued that the letter denying his internal complaint about discrimination showed that he had exhausted his administrative remedies.

The district court deemed Washington's proposed amended complaint the operative pleading and entered judgment for the Administration. Regarding the

challenge to the waiver denial, it reasoned that Washington did not rebut the evidence that he failed to complete the administrative review process. (The court therefore denied his motion for sanctions as moot.) It also dismissed Washington's claim for damages based on alleged discrimination, because such a claim could be based only on the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, and Washington did not comply with its administrative requirements. (He does not challenge this latter ruling on appeal).

After Washington timely appealed, the district court denied his request to proceed in forma pauperis, finding that the appeal was not taken in good faith. The court accepted Washington's assertion that he had participated in the personal conference by phone but ruled that he still had not exhausted the process. Washington did not renew with this court his request to proceed without prepayment of the filing fee. Instead he asked the district court to reconsider its denial, but he paid the appellate filing fee anyway before the court ruled.

We construe Washington's pro se appellate filings liberally, and we understand him to argue that he exhausted administrative remedies for his waiver request. Federal courts may review only "final" decisions of the Social Security Administration made after a "hearing." *See* 42 U.S.C. § 405(g); *Mathews v. Eldridge*, 424 U.S. 319, 328–29 (1976). For a decision to be "final" under Title II of the Social Security Act, the claimant must complete a multi-step administrative review process. *See* 20 C.F.R. § 404.900; *see also Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019); *Sims v. Apfel*, 530 U.S. 103, 107 (2000). Those steps include: (1) the initial waiver request, 20 C.F.R. § 404.506(b)–(c); (2) an opportunity for reconsideration at a personal conference, *id.* § 404.506(c)–(h); (3) a hearing before an administrative law judge, *id.* § 404.930(a)(6); and (4) review by the Appeals Council, *id.* § 404.967. These steps apply to decisions about collections of overpayments. *See* 20 C.F.R. § 404.902(j)–(k).

The district court correctly ruled that Washington did not fully exhaust his administrative remedies for his waiver request. We will assume that the Administration bears the burden of proving a defense of failure to exhaust. It satisfied its burden with its unrebutted evidence that, after the personal conference resulted in no waiver, Washington did not request a hearing before an ALJ or review before the Appeals Council. His evidence on exhaustion shows only that he made a waiver request and participated in a personal conference; thus, he did not complete the final two steps. His reply—that the letter he received from the Administration denying his internal complaint of discrimination shows that he fully exhausted—is unavailing. That letter

does not mention any request for review or decision by an ALJ or the Appeals Council. The lack of any rebuttal to the Administration's evidence that Washington did not complete the final two steps of exhaustion precludes judicial review of his claim. *See Sims*, 530 U.S. at 107; 20 C.F.R. § 404.900(b). Further, because Washington furnished no evidence that the exhaustion defense is a "lie," the district court justifiably denied his motion for sanctions as moot.

We may quickly dispatch Washington's final two arguments. First, he argues unpersuasively that the district court improperly denied him the chance to amend his complaint. The court specifically treated Washington's amended complaint as the operative pleading before it entered judgment. Second, Washington contests the district court's denial of his request to appeal in forma pauperis. Washington forfeited his right to challenge that decision, however, when he paid the appellate filing fee and did not renew his motion with this court. *See Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).

We have considered Washington's remaining arguments, and none has merit.

AFFIRMED